■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD PHIPPS, Appellant. [631 NYS2d 853] —Judgment, Supreme Court, New York County (Paul Bookson, J.), rendered July 19, 1993, convicting defendant, after a jury trial, of arson in the first degree and sentencing him to a term of 15 years to life, unanimously affirmed.

The court correctly found that defendant understood the proceedings against him and could meaningfully consult with his lawyer and assist in his defense (*Dusky v United States*, 362 US 402). The court had an obligation to weigh the conflicting opinions of the experts and was not obligated to accept the latest opinion of the expert who had changed his mind.

Given that each of the doctors explicitly informed defendant before interviewing him that the examination was not confidential and its contents would be made available to the court and the District Attorney, it was not at all surprising that defendant, found to be of superior intelligence, refused to discuss his defense strategy, refused to acknowledge and discuss prior arrests and convictions which could be used to impeach him, and refused to discuss the underlying offenses. That defendant was reluctant to share this information with court-appointed psychiatrists is not a sufficient reason to find him unfit to stand trial; on the contrary, this fact supports the finding of fitness.

While the court sustained objections to some of the prosecu-

tor's questions concerning bizarre, irrational and erratic behavior by defendant, limited inquiry of this nature was proper to show defendant's identity as the arsonist, to refute his accident defense, and to establish his lack of credibility as a witness (*see, People v Molineux*, 168 NY 264, 293).

We have considered defendant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Tom, JJ.